UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

ADOLFO DIAZ,
                    Defendant.

16-cr-719-5 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

       The Court is in receipt of the attached letter from Defendant Adolfo Diaz, who is currently incarcerated, requesting that the Court appoint him a lawyer to assist in bringing unspecified claims on Defendant's behalf. For the reasons set forth below, Defendant's request is respectfully DENIED.

       Although "[t]he [C]ourt may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), "the *right* to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (emphasis added). The Second Circuit has explained that courts "may appoint an unrepresented party counsel" based on "factors includ[ing]: (1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross-examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (citing *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986)) (the "*Hodge* factors").

       Here, Defendant does not specify the nature of the claim he seeks to bring, informing the Court only that he "ha[s] some good issue[s]." (Attach. #1.) The Court therefore cannot conduct

the five-factor analysis described above. *See Ganley v. City of New York*, 734 F. App'x 784, 785–86 (2d Cir. 2018) (referring to the "threshold requirement" that "the indigent litigant's position is likely to be of substance") (quoting *Hodge*, 802 F.2d at 61).  In cases where prisoners "indicate, without more, that they wish to seek post-conviction relief," there is no "general obligation of the courts . . . to appoint counsel." *Johnson v. Avery*, 393 U.S. 483, 488 (1969).  Accordingly, IT IS HEREBY ORDERED that Defendant's request for appointed counsel is DENIED without prejudice to his making a future request, in which case he should provide an affidavit describing the claims he wishes to bring and establishing facts supporting the *Hodge* factors set forth above. SO ORDERED.

Dated:     October 7, 2021
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

From: Adolfo Diaz #78156-054　　　　　To: Richard J. Sullivan
Federal correctional complex-Allenwood U.S.P　Southern District of New York
P.O. Box 3000　　　　　　　　　　　　　　　　Thurgood Marshall U.S. courthouse
White Deer, PA 17887　　　　　　　　　　　　40 Foley Square
　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10007

Your honor I'm submiting you this letter to request for a lawyer or so you could Reappoint me Mr. Santiago. Cause I have some good issued but I don't have the ability to do it myself. Please I would really appreciate it so much. In advance thank you so much.

2021 AUG 10 PM 3: [?]
CLERK'S OFFICE
U.S. COURT OF APP[EALS]



INMATE NAME/NUMBER: Adolfo Diaz #78156-054
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD U.S.P
P.O. BOX 3000
WHITE DEER, PA 17887
USA CW

HARRISBURG PA 171
5 AUG 2021 PM 2 L

AUG 05 2021

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

USM4ID
SDNY

Mailed From U.S. Penitentiary

Legal mail

10007-150729